25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jorge Balbuena MACHADO, Defendant-Appellant.
 No. 93-5722.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 24, 1994.
Decided June 14, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Claude M. Hilton, District Judge. (CR-93-173).
 David J. Goldstein, Elliot H. Fuld, Goldstein, Weinstein & Fuld, Bronx, NY, for appellant.
 Helen F. Fahey, U.S. Atty., Hillary L. Snyder, Special Asst. U.S. Atty., Alexandria, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jorge Balbuena Machado pled guilty to conspiracy to distribute more than fifty grams of crack cocaine, 21 U.S.C.A.Sec. 846 (West Supp.1994), and received a sentence of 263 months. He appeals his sentence,* alleging that the district court abused its discretion in denying him a continuance of the sentencing hearing. We affirm.
 
 
 2
 Four months after Machado's guilty plea, on the day before his sentencing was scheduled to take place, defense counsel filed a motion for a downward departure based on extraordinary family circumstances. A medical evaluation report on Machado's two-year-old daughter, who has cerebral palsy, was attached. Three doctors had contributed to the report. Although Machado's motion stated that he cared for his daughter while his wife worked, the report stated both parents worked, that Machado was the manager of a video store, and that an aunt cared for the daughter while her parents were at work. The government responded by fax that Machado's family circumstances were not extraordinary, and that because he was subject to a ten-year mandatory minimum sentence a departure would not benefit his family in the short term.
 
 
 3
 At the sentencing hearing, defense counsel requested a continuance so that he could bring in unidentified witnesses to testify about Machado's daughter's life expectancy, as well as other unidentified nonexpert witnesses. The district court denied the continuance, and decided against a departure.
 
 
 4
 On appeal, Machado maintains that the district court denied him an opportunity to present evidence which would have established that his daughter required extraordinary care, and that he was the primary caregiver. We review the district court's decision for abuse of discretion. See United States v. Concemi, 957 F.2d 942, 952 (1st Cir.1992). Machado's daughter's condition was detailed in the medical report, and he was available to testify personally about his role as caregiver. Machado thus was afforded an adequate opportunity to present evidence concerning the factors in dispute. United States Sentencing Commission, Guidelines Manual, Sec. 6A1.3 (Nov.1992). We find that the district court did not abuse its discretion in denying the continuance.
 
 
 5
 We therefore affirm the sentence imposed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Machado's plea agreement contained a provision waiving the right to appeal his sentence on any ground whatever. Because this provision was not mentioned at the Fed.R.Crim.P. 11 hearing, we are unable to assess its validity. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir.1991). We therefore address the merits of the appeal. The government does not assert the waiver as grounds to dismiss the appeal